1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11    DOUGLAS MORANTI,                              No. C 12-03511 CRB

12                 Plaintiff,                       **ORDER GRANTING MOTION FOR
                                                    ATTORNEY'S FEES**
13         v.

14    CAROLYN W. COLVIN, Acting
      Commissioner of Social Security,
15
                     Defendant.
16    _____/

17

18         Counsel for Plaintiff Douglas Moranti moves for $9,375.00[1] in attorney's fees for her

19    representation of Plaintiff before this Court pursuant to 42 U.S.C. section 406(b).  Mot. (dkt.

20    29).[2]  Because counsel requests an amount less than 25% of Plaintiffs' total past-due benefits,

21    as provided for in the contingency fee agreement and authorized by section 406(b), the Court

      grants this motion.
22
           Section 406(b) authorizes a district court to award attorney's fees where, as here, the
23
      district court remands the case to the Social Security Administration for further proceedings
24

25

26         [1]    Counsel's motion states that it requests $9,750, but otherwise requests fees for 18.75 hours
      of work at $500 per hour, totaling $9,375.00.  See Affidavit (dkt. 28-1) at 2; Itemization of Services
27    (dkt. 28-4).  The Court construes the motion as requesting $9,375.

28         [2] The Commissioner does not oppose the motion.  See Defendant's Statement of Non-Opposition
      (dkt. 30).

1

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

and, following the remand, the claimant is subsequently awarded past-due benefits.  See Garcia v. Astrue, 500 F. Supp. 2d 1239, 1243 (C.D. Cal. 2007); Order Remanding (dkt. 26).

The Supreme Court has recognized that, on motions for fees under section 406(b), counsel can either request fees calculated by the lodestar method, or request an award consistent with a valid contingent fee agreement between claimant and counsel.  Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002).  Since Gisbrecht was decided, "district courts generally have been deferential to the terms of contingency-fee contracts in § 406(b) cases, accepting that the resulting de facto hourly rates may exceed those for non contingency-fee arrangements."  Hearn v. Barnhart, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003).  In reviewing fee requests with an accompanying contingency fee agreement, courts must ensure that the contingency fee agreement yields "reasonable results" under the circumstances. Gisbrecht, 535 U.S. at 807.  Factors relevant to the reasonableness determination include the character of the representation and the results achieved.  Id. at 808.  If the attorney causes delay, a court can reduce the award to prevent the attorney from profiting from the accumulation of past-due benefits while the case sits in court.  Id.  Courts can also reduce awards where, because of a large award of past-due benefits, a contingency-fee agreement would disproportionately reward an attorney who spent little time on the case.  Id.

Here, counsel achieved considerable success in representing Plaintiff.  After the Social Security Administration and ALJ denied social security benefits, Plaintiff sought review of those decisions in this Court.  Order Remanding at 3-4.  This Court then remanded to the administrative level, where the ALJ ultimately awarded Plaintiff past-due benefits totaling $80,981.00.  Order Remanding; Notice of Award (dkt. 28-5) at 3.  Moreover, there is no evidence that counsel caused delay or that the total past-due benefits awarded to Plaintiff– and in contingency fee cases, the fees collected by counsel–are large in proportion to the time spent on the case.  Accordingly, it is reasonable to award counsel fees for time spent representing Plaintiff.

As mentioned above, courts often defer to contingency fee agreements even where enforcing those agreements results in relatively high de facto hourly rates.  See Hearn, 262 F.

Supp. 2d at 1037.  In this case, the Social Security Administration withheld 25% of

Plaintiff's past-due benefits – $20,245.25 – for counsel's fees.  Notice of Award at 4.

Although Plaintiff and counsel executed a contingency fee agreement providing for fees

equal to 25% of Plaintiff's recovered past-due benefits, see Fee Agreement (dkt. 28-2),

counsel is not requesting that full amount.  See Mot. at 2.  Instead, counsel asks the Court to

award her $9,375 for 18.75 hours of work performed at a rate of $500 per hour.  Id.  Thus,

the main issue for the Court to decide is whether the amount of fees that counsel requests is

reasonable.  See Gisbrecht, 535 U.S. at 807; see also McGuire v. Sullivan, 873 F.2d 974, 983

(7th Cir. 1989) ("Although the contingency agreement should be given significant weight in

fixing a fee, a district judge must independently assess the reasonableness of its terms.").

When combined with the $6,000 awarded to her at the administrative level, see Notice

of Award at 4, counsel's total fees would equal $15,375 – about 19% of Plaintiff's past-due

benefits.  Thus, the amount requested is reasonable in the context of both the contingency fee

agreement and section 406(b), which allow for fees up to 25% of Plaintiff's past-due

benefits.  See Fee Agreement; 42 U.S.C. § 406(b).  Additionally, counsel's requested billing

rate of $500 is appropriate.  See e.g. Grunseich v. Barnhart, 439 F. Supp. 2d 1032, 1035

(C.D. Cal. 2006) (approving attorneys' fees at a $600 hourly rate); Hearn, 262 F. Supp. 2d at

1037 (approving attorneys' fees at a $450 hourly rate).

Counsel's request for attorney's fees in the total amount of $9,375.00 for 18.75 hours

of work, at the rate of $500.00 per hour, is reasonable in light of the legal standards set forth

in Gisbrecht and the facts of this case.  Accordingly, the Court GRANTS counsel's request

for $9,375.00 in attorney's fees to be paid out of Plaintiff's past-due benefits.

**IT IS SO ORDERED.**

Dated: July 2, 2014

_____

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California